UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILTON WAYNE NETTLES, | |
| Plaintiff, | 26-CV-1344 (LTS) |
| -against- | TRANSFER ORDER |
| LIEUTENANT MARTIN GONZALEZ, et al., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently in the custody of the Texas Department of Criminal Justice in Brazoria County, Texas, brings this action *pro se*. Plaintiff asserts claims arising from his arrest in Atoscosa County, Texas. In his initial complaint, Plaintiff named Lieutenant Martin Gonzales and two John Doe sheriffs of the Atascosa County Sheriff's Office. On March 17, 2026, Plaintiff filed an amended complaint naming many additional defendants connected with his arrest, detention, and criminal proceedings in Atoscosa and Bexar Counties in Texas.

For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of Texas.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that on March 23, 2017, two Atascosa County sheriff's deputies located him at 172 Woodland Hills Road in Poteet, Texas. The deputies allegedly grabbed his neck, twisted his body, slammed his head to the ground, handcuffed him tightly, lifted him by the cuffs, and made derogatory remarks while transporting him. He alleges that he was not administered *Miranda* warnings during arrest or booking at the Atascosa County Jail, and was not brought before a magistrate within 48 hours, as required by Texas law. Plaintiff states that in 2022, he paid the filing fee to bring civil rights action, under 42 U.S.C. § 1983, but Judge Orlando L. Garcia, who should have been disqualified for bias, dismissed the action with prejudice on October 19, 2022.

Although Plaintiff does not plead facts about where all of the defendants reside, he provides addresses for most defendants in Texas.[1] Venue under Section 1391(b)(1), based on the residence of defendants in the State of New York, therefore does not lie. Moreover, venue does not lie in this district under Section 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in Texas, outside this district.[2]

---

[1] A few defendants are identified as being outside Texas, but none are in New York: Christopher R. Cooper (Washington, D.C.), Trevor N. McFadden (Washington, D.C.), Stephen A. Higginson (New Orleans, LA), Scott S. Harris (Washington, D.C.), Redmond K. Barnes (Washington, D.C.), and Lyle W. Cayce (New Orleans, LA).

[2] Insofar as Plaintiff's complaint could be understood, in part, as a petition for a writ of habeas corpus, venue is also not proper in this district because his conviction was in Texas.

Where a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Atascosa and Bexar Counties, which are in the Western District of Texas, San Antonio Division. *See* 28 U.S.C. § 124(d)(4). Accordingly, venue lies in the Western District of Texas, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Texas, 28 U.S.C. § 1406(a).

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Texas, San Antonio Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York, and the Clerk of Court is directed to terminate for statistical purposes any pending motions.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 17, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3